## No. 7547.

### CITY OF NEW ORLEANS VS. H. O. SEIXAS ET ALS.

An appeal lies from an order of the District Court removing a cause to the U. S. Court.

Such appeal can be taken by motion in open court as appeals are taken from other judgments.

The enforced appearance of the appellant from such order in the U. S. Court, pending such appeal, is not an acquiescence in, or voluntary execution of, the judgment or order appealed from.

Only suits involving rights depending upon a disputed construction of the Constitution and laws of the United States are removable from the State to the National Courts under the words of the Act of Congress, " arising under " that Constitution and those laws. There must be some question actually involved in the case, depending for its determination upon the correct construction of the Constitution, or some law of Congress or treaty, in order to sustain the Federal jurisdiction under the clause containing those words.

When the interest of one or more parties to a suit is so bound up with the others that its legal presence as a party is an absolute necessity, it is an indispensable party, and must be so considered on an application to remove the whole suit.

Congress, in determining the jurisdiction of the Circuit Courts over controversies between citizens of different States, has not provided for the removal from a State Court of a suit in which there is controversy not wholly between citizens of different States, and to the full or final determination of which one of the indispensable parties on the side seeking the removal is a citizen of the same State with one or more of the parties against whom the removal is sought.

APPEAL from the Fifth District Court for the Parish of Orleans. *Rightor*, J.

*E. H. McCaleb*, City Attorney, and *E. H. Farrar* for Plaintiff and Appellant.

*Kennard, Howe & Prentiss* and *Rouse & Grant* for Defendants and Appellees.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

MANNING, J. The appellees move to dismiss on three grounds:

1. That no appeal lies from an order removing a cause to the Circuit Court of the United States.

The contrary has been repeatedly held by this Court.   State *ex rel.* Coons vs. Judge, 23 Ann. 29, and cases therein cited; Goodrich vs. Hunton, 29 Ann. 372; Tunstall vs. Madison Parish, 30 Ann. 472.

2. If such an appeal lies, it can be taken only by petition and citation.

No law nor reason is given for this ground and we know of none. The appeal herein was taken by motion in open court on the same day the order of removal was made, and two days afterwards the appellees were even formally notified of it through the sheriff.

3. That the appellant has acquiesced in and voluntarily executed the order appealed from by appearing in the case in the U. S. Court, and by trying questions in that Court on the merits.

We have already held that on a motion to dismiss on the ground of acquiescence, the issue of fact, if disputed or doubtful, must be referred to the lower court for hearing.   N. O. Rail. Co. vs. Cres. City R. R. Co., 33 Ann. 1278.   There is a certified copy of proceedings taken in the U. S. Court before us, and an affidavit of the City counsel, and giving to them the consideration we would if introduced in the lower court on a reference, we find they do not sustain the allegation of acquiescence.

The only proceedings submitted to us are a rule upon the sheriff to shew cause why he should not deliver to the Marshal the certificates of stock in the Water Works Company which had been sequestered; and another to set aside all the writs of injunction and sequestration that had been taken in the State Court; and a third to compel the Company to transfer the stock theretofore sequestered and released, upon which the Company moved that the City of New Orleans be made a party to the rule, and that being done the plaintiff appeared and resisted the rule.

There was thus neither a voluntary appearance nor execution of the order appealed from.   The defendants, having procured the removal of the cause to the U. S. Court, there initiate proceedings that provoke and compel the interposition of the plaintiff and his appearance in that forum, and then plead his appearance as a bar to the further hearing of the case in the State Court.   This is dragging one against his will to a place, and then pleading his enforced presence there as a reason why he should not return whence he came.

It is settled that if a party failed in his efforts to obtain a removal and was forced to trial in the State Court, his appearing there and contesting the case is not a waiver of his right.   Ins. Co. vs. Dunn, 19

Wall. 214; The Removal Cases, 10 Otto, 457; Dillon on Removals, §§ 84, 88.

It would seem it ought to be equally clear that if a party failed in his efforts to *prevent* a removal and was forced to trial in the U. S. Court, his appearing there and contesting the case should not be a waiver of his right to a trial in the State Court, nor be considered an acquiescence in the order of removal, if he has continued to maintain that right by appealing from that order and by prosecuting such appeal with diligence.

The motion is refused.

## ON THE MERITS.

In May, 1879, the plaintiff instituted this suit in one of the District Courts of New Orleans, alleging that she had become the owner of the Water Works by purchase from the Commercial Bank, to which had been granted by the legislature the exclusive privilege of supplying the inhabitants of New Orleans with water from the Mississippi river, and that by sundry enactments of the legislature the "New Orleans Water Works Company" was created, to which petitioner transferred its privileges and received certificates of stock in the same, which were placed out of commerce and declared not to be liable to seizure for the debts of the City, and she was constituted a trustee of that stock for the benefit of the holders of her bonded and floating debt.

The plaintiff avers that 4344 shares of this stock were seized by the U. S. Marshal under writs of *fieri facias* issuing out of the Circuit Court for the Fifth Circuit of the U. S., in four suits wherein the City was defendant, and John A. Morris, John Klein and Freeman Clarke were severally the plaintiffs, (the latter having two suits) and were sold, H. O. Seixas becoming the purchaser of 3129 shares—that under mandates of said Circuit Court the Water Works Company was compelled to recognize said Seixas as the owner of these shares and to issue to him a certificate therefor, the old certificates having been surrendered and cancelled, all of which was done in contravention of these legislative enactments, and despite the protest of the City made in every stage of these proceedings.

The petitioner further alleges that she fears and believes Seixas will dispose of the stock during the pendency of this suit, and will attempt to collect the dividends thereon unless restrained. She also fears that the Water Works Company, unless restrained by injunction, will permit Seixas, or some one for him, to transfer said stock and the certificates thereof to other persons, and will issue to such persons certificates therefor, and will pay over to Seixas or his representatives the dividend that shall accrue during the pendency of this suit.

The petition then alleges that H. O. Seixas, John A. Morris, John Klein, and the Water Works Company, are residents of this State and City, and Freeman Clarke resides out of the State, and prays for citation to these parties (to Clarke through a curator *ad hoc* to be appointed for him) and that writs of sequestration issue commanding the sheriff to take these certificates of stock into his possession, and an injunction also issue prohibiting Seixas from transferring the stock pretended to have been purchased by him, and from collecting the dividends thereon, and that the Water Works Company be also injoined from allowing Seixas to transfer this stock, and from paying to him any dividends thereon, and further prohibiting said Company from issuing to Seixas or his transferree any new certificates in exchange for those in his possession.

The several writs thus prayed for were issued and served.

A supplemental petition was then filed making John A. Walsh a party defendant on the allegation that he pretends to have become the purchaser of this stock from Seixas, and renewing against him all the allegations of the original petition, and praying for the writ of injunction to restrain him as the other defendants had been restrained.

The defendant, H. O. Seixas, then presented his petition for the removal of the cause into the U. S. Circuit Court, alleging that he is a citizen of Mississippi, that the amount in dispute exceeds five hundred dollars exclusive of costs, that the plaintiff is a citizen of Louisiana, and the defendant, the Water Works Company, is also a citizen of Louisiana, that the defendants, Morris and Clarke, are citizens of New York, and Klein, of Mississippi—that the title to the shares of stock in dispute was derived by him through and under a sale by the Marshal of the United States for the district of Louisiana, made pursuant to writs of *fieri facias* issuing out of the U. S. Circuit Court, in execution of a judgment of that Court against the plaintiff. Walsh presented his petition also making the same allegations with the additional one that he is a resident of New York, and the same prayer.

The case was removed to the U. S. Circuit Court.

The plaintiff appealed from the order of removal, and we have now to determine whether that order was rightfully made.

The petition for removal states two grounds: 1, citizenship; 2, that the petitioner's title is derived from a sale made by the U. S. Marshal upon a *fieri facias* from the Federal Court.

This latter of itself is not a cause for removal. It does not necessarily follow that the right of the petitioner under such sale depends upon the construction or effect of the Constitution or a law of the United States. He does not allege that his right depends upon such construction. Only suits involving rights depending upon a disputed

construction of the Constitution and laws of the United States can be transferred from the State to the National Courts under the words " arising under " in the Act of Congress. There must be some question actually involved in the case, depending for its determination upon the correct construction of the Constitution or some law of Congress or treaty, in order to sustain the Federal jurisdiction under the clause containing those words. For example, a case relating to the title to land is not one of Federal jurisdiction, although the title may be originally derived under an Act of Congress, if no question arises, or is raised, as to the validity or operative effect of the Act, and the rights of parties depend upon State statutes or the general principles of law. Dillon on Removals, § 31.

In the present case the rights of parties depend especially and peculiarly upon State statutes.

In examining the other ground of removal, citizenship, we have first to consider whether the Water Works Company is a mere nominal or an indispensable party defendant.

The City alleges that she fears this Company, unless restrained, will permit Seixas to transfer this stock and the certificates, and will issue to his transferrees new certificates, and will pay the dividends to them, and this danger was so imminent that she injoined the Company from doing any of these acts. Her object in the suit *quoad* this defendant is the restoration of this stock on the books of the Company to her name, and the future recognition of her rights to and in the stock. The interest of the Company in the subject matter of the suit is so bound up with that of the other parties that its legal presence as a party to the suit is an absolute necessity, and thus this case falls within the compass and is controlled by the reasoning of the Court in Kendig vs. Dean, 7 Otto, 423, and Dewing vs. Perdicaries, 6 Otto, 193.

Then there is a defendant of the same citizenship as the plaintiff. Can there be a removal under the Act of Congress of March 3, 1875, under those circumstances?

That Act has been interpreted by the Supreme Court of the United States. The first clause of its second section has been held to mean that when the controversy, about which a suit in the State court is brought, is between citizens of one or more States on one side and citizens of other States on the other side, either party to the controversy may remove the suit to the Circuit Court without regard to the position they occupy in the pleadings as plaintiffs or defendants, and that upon arranging the parties on opposite sides of the real and substantial dispute, if it appears that those on one side are all citizens of different States from those on the other, the suit may be removed—all

those on the side desiring a removal sending in the application there-for.  Removal Cases, 10 Otto, 457.

And in a subsequent case the same Court said: It is to be presumed that Congress, in enacting the statute of 1875, had in view as well the previous enactments regulating the removal of causes from the State Courts, as the decisions of this Court upon them.  If it was thereby intended to invest the Circuit Courts with jurisdiction of all contro-versies between citizens of different States, although others might be indispensable parties thereto, such intention would have been ex-pressed in more explicit language.  We are not disposed to enlarge that jurisdiction by mere construction.  We are of opinion that Con-gress, in determining the jurisdiction of the Circuit Courts over con-troversies between citizens of different States, has not distinctly pro-vided for the removal from a State Court of a suit in which there is a controversy not wholly between citizens of different States, and to the full or final determination of which one of the indispensable par-ties, plaintiffs or defendants, on the side seeking the removal, is a citizen of the same State with one or more of the plaintiffs or defend-ants against whom the removal is asked.  Blake vs. McKim, 13 Otto, 336;  see, also, Hyde vs. Ruble, 14 Otto, 407;  Stafford vs. Twitchell, 33 Ann. 520.  This is decisive of the question.

It is therefore ordered and decreed that the order of the lower court transferring and removing this cause to the Circuit Court of the United States is rescinded and reversed, and said lower court is directed to proceed in the trial thereof, the movers, H. O. Seixas and John A. Walsh, paying the costs of this appeal.