PEOPLE, PETITIONER, v. RIVERA ZAYAS, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Ponce in Injunction Proceedings.

No. 320.—Decided May 17, 1921.

REMOVAL OF CAUSE—CITIZENSHIP—PLEADING—JURISDICTION.—In a proceeding for the removal of a case from an insular court to the federal court on the ground of diversity of citizenship it must appear upon the face of the petition that the suit is a removable one. Otherwise the insular court is not bound to surrender its jurisdiction and may proceed as if no petition for removal had been made.

ID.—ID.—ID.—ID.—CONFLICT—COMITY.—The danger of a conflict between the courts can not possibly arise until after the federal court has decided that it has jurisdiction, and the mere pendency of a petition for removal in the federal court does not oblige the insular court to stop proceedings.

ID.—ID.—ID.—ID.—In order that such a case may be removed a clear diversity of citizenship between the contending parties must be shown, as well as that the case is one of which the federal court could have taken jurisdiction originally if the plaintiff had elected to sue therein.

ID.—ID.—PARTNERSHIP.—In most of the States the theory that a partnership has no real personality distinct from the members who compose it has been applied to limited partnerships, but it is generally conceded that a limited partnership is a distinct entity in Porto Rico. In the case under consideration the limited partnership either has no citizenship or is necessarily a citizen of Porto Rico, being organized under its laws. If it has no citizenship, no question of diversity of citizenship can be raised, for there can be no diversity unless both parties are citizens.

ID.—ID.—ID.—The theory, based upon the law in most jurisdictions of the United States, that a partnership has no legal existence independently of its members is not true in Porto Rico. Here a limited partnership is an entity distinct from the members who compose it.

ID.—ID.—CITIZENSHIP.—It is probably settled by the general trend of the decisions of the Supreme Court of the United States that Porto Rico has no more citizenship than has any State or Territory of the United States. Hence it follows that if Porto Rico has no citizenship there is no diversity of citizenship in this case and it could not have been brought originally in the federal court.

ID.—ID.—The record proper does not show that the question of jurisdiction is pending before the federal court, and as it is the practice of the Supreme Court to consider only the record that comes up from the lower court, it

must be held that the pendency of the question of jurisdiction in the federal
court is not properly before this court; therefore it feels bound to go on
with the case and set aside the order for removal.

The facts are stated in the opinion.

*Hon. Salvador Mestre, Attorney General,* and *Messrs. J. A. Loret* and *M. A. Muñoz* for the petitioner.

*Mr. O. B. Frazer* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

Petitioner, The People of Porto Rico, early in March, 1921, filed a suit in the District Court of Ponce against Russel & Co., *Sociedad en Comandita,* whose nearest analogue in American legal bodies is a limited partnership. On March 10, 1921, a petition was filed for a removal of the cause to the United States District Court for Porto Rico and on March 9th the Attorney General was notified that the said petition would be heard on the tenth day of March at 2 p. m. and the case was set, heard and disposed of, without the Attorney General being present, on March 10, 1921. There is nothing in the record or suggested in argument for this short notice and rapid disposition of the removal petition. The removal petition was as follows:

"The petitioners, who appear specially and solely for the purposes of this petition, represent to this honorable court: That Russell & Co., *Succs., S. en C.,* are, and at the time this action was brought, were a civil agricultural association composed exclusively of Messrs. Horace Havemeyer, Frank A. Dillingham and William H. Morgan, as active or managing partners, and Messrs. Edwin L. Arnold, H. B. Orde and Frank M. Welty, as silent or contributing partners, and that said association is the defendant in this action, which is of a civil character, and that the amount in controversy herein exceeds the sum or value of three thousand dollars ($3,000) exclusive of interest or costs; that the controversy herein is between five citizens of the United States who are not domiciled in Porto Rico, a subject of the Kingdom of Great Britain, with no domicil in Porto Rico, as defendants, and The People of Porto Rico as plaintiff. That as to the partners of Russell & Co., *Succs., S. en C.,* Horace Havemeyer, at the time this action was brought, was, and

still is, a citizen of the United States and of the State of New York, with residence and domicil in the city of Islip of said State of New York; Frank A. Dillingham, at the initiation of this suit, was, and still is, a citizen of the United States and of the State of New Jersey, with residence and domicil in the city of Millburn of said State; William H. Morgan, at the time of filing of suit, was, and still is, a citizen of the United States and of the State of Ohio, with residence and domicil in the city of Alliance of said State; Frank M. Welty, at the inception of this action, was, and still is, a citizen of the United States and of the City of New York, with residence and domicil in the city of Bronxville of said State; Edwin L. Arnold was, and still is, a citizen of the United States and of the State of Ohio, with residence and domicil in the city of Massillon of said State; H. B. Orde, at the time this action was begun, was, and still is, an alien citizen, being a subject of the King of England and a citizen of the United Kingdom, with residence and domicil in the city of Ottowa of the Dominion of Canada, and that none of the members of the defendant association, at the filing of suit herein, was, or is, a resident of the Island of Porto Rico or domiciled therein. —The plaintiff in this case is The People of Porto Rico; that the petitioner does not know the citizenship of said plaintiff, but believes that at the time the action was begun it was, and that it still is, a citizen of the United States with domicil in Porto Rico. The petitioning firm alleges, moreover, that said plaintiff, at the inception of this action, was not, and is not now, a citizen of or domiciled in either of the States of New York, New Jersey or Ohio, or in the Dominion of Canada.—That the petitioner wishes to remove this action, before further proceedings are had therein, to the District Court of the United States in and for the District of Porto Rico. Together with this petition the petitioning firm presents a good and sufficient bond to the end that it may, within the next thirty days, file in the District Court of the United States in and for the District of Porto Rico a certified copy of the record in this action and for the payment of all the costs that may be awarded by said District Court of the United States in case it should hold that the present action was wrongfully or illegally removed thereto.—Wherefore, your petitioner prays that said bond and sureties be admitted and approved; that this action be removed to the District Court of the United States in and for the District of Porto Rico in accordance with the statutes of the United States which govern in such cases

and that no further proceedings he had in this action in this court. —Your petitioner so prays.—Ponce, P. R., March 8, 1921.—(Sd.) O. B. Frazer, Attorney for the petitioner.

"The People of Porto Rico, District of San Juan, ss:—H. B. Orde, being first duly sworn, deposes and says: That he is a partner and member of the petitioning firm herein; that he has personally read the foregoing petition and that the same is true of his own knowledge except as to the matters therein alleged upon information and belief and that as to such matters he believes them to be true; that the reason this affidavit is made by affiant and not by the defendant is because the defendant is an association and the affiant is one of its members.—(Sd.) H. B. Orde.

"Subscribed and sworn to before me this eighth day of March, 1921, by H. B. Orde, of age, married, landowner, resident of Ottowa, Canada, casually in San Juan, to me personally known.—(Sd.) Salvador Suau Carbonell.—Affidavit No. 1287.—Filed on March 10, 1921.—(Sd.) Felipe Colón, Secretary."

The order being granted and a removal bond filed, an application for certiorari was made to this court, the writ issued and the proceedings are duly before us.

The questions raised by the parties and suggested in argument are numerous, but there is one which is fundamental, namely, did it appear on the face of the removal petition that the United States District Court for Porto Rico could or did have jurisdiction of the case supposing the removal proceedings to be formally perfect as by filing a bond, etc.

Technical questions as to whether an appeal is not the proper remedy, as to whether complainant should have solicited further action of the District Court of Ponce, whether the defendant waived his rights by an appearance in the Federal Court, are more or less bound up in the decision of the principal question. Likewise the matter of comity which we shall first discuss.

This question of comity is raised by an answer, the partners who compose the said *Sociedad en Comandita* appearing specially and alleging the pendency of the principal question before the United States District Court for Porto Rico. They

say that comity should prevent the local courts from considering the case pending decision by the United States District Court. A possible conflict was urged in argument.

The danger of a conflict could possibly only arise after the United States Court had decided that it had jurisdiction, and such conflict is remote by reason of the United States statutes and the decisions thereon. *Chesapeake & Ohio R. R. Co.* v. *McCabe,* 213 U. S. 219, and authorities; *Glinger, Administrator,* v. *Chesapeake, Etc., R. R. Co.,* 138 Ky. 618, 128 S. W. 1056, 1057; *Bolin Darnell Co.* v. *Kirk,* 26 L. R. A. (N. S.) 270; *Chicago Etc. Ry. Co.* v. *Brazzell,* 124 Pac. 42.

Until the Federal Court decides that a case for removal is made, the mere pendency of a removal petition in a Federal Court does not bind the local court to stop proceedings. *Iowa Central R. R. Co.* v. *Bacon,* 236 U. S. 310; *City Traction Co.* v. *Mining Co.,* 196 U. S. 239.

In this last named case the proposition is emphasized that if upon the face of the record, including a petition for removal, a suit does not appear to be a removable one, then the State Court is not bound to surrender its jurisdiction and may proceed as if no application for removal had been made. This is a statement of a general proposition that the local court may go ahead without waiting for a decision of the Federal Court and it is true even if it be alleged, as it is for the first time in this court, that the matter of jurisdiction was submitted to and is now being considered by the United States District Court for Porto Rico.

It may be said in passing that the petitioner in certiorari insists that the record proper does not show that there is any question of jurisdiction pending before the District Court of the United States for Porto Rico and that the record in this certiorari case could never properly show that matter. It would seem also to be true, whether the petitioner is right or not, that what we must review is whether the action of the District Court of Ponce was wrong or not at the time

the order complained of was signed. The record transmitted to us showed that no evidence of the submission of a question of jurisdiction to the United States Court was introduced into said record. It is also conceded that the certiorari in this case was filed before the question of jurisdiction was presented to the United States Court.

That a local court or a State Court must suspend all proceedings because a question of jurisdiction has been submitted to the United States Court is a proposition that is denied, we think, by the foregoing authorities and by others. Numerous cases could be and would be delayed if the contrary proposition were true. The test is whether the face of the removal petition shows jurisdiction in the United States Court.

It is conceded by the attorney for the removal petitioners, who came into this court under protest, that in order that a case may be removed a clear diversity of citizenship between the contending parties must be shown and that the case must be one of which the United States Court could have taken jurisdiction originally if the complainant had elected to sue therein. Where all of the parties are natural persons the question is relatively simple, but it becomes complicated where artificial entities like corporations and partnerships are concerned.

In the early cases in the Supreme Court of the United States the question of what was the citizenship of a corporation duly incorporated under the laws of a State was frequently made to depend on the question of the citizenship of the persons who composed the corporation, in other words, on a question of fact. However, as the conception of a corporation as a distinct entity became more or less fixed, the Supreme Court then decided that the citizenship of a corporation was irrebuttably presumed to be that of the State where it was incorporated. *St. Louis & San Francisco R. R. Co. v. James,* 161 U. S. 563; *Martínez v. Asociación de*

*Señoras,* 213 U. S. 20; 34 Cyc. 1261. A different question arises where a partnership is alleged to be one of the parties.

*Chapman* v. *Barney,* 129 U. S. 677, was a relatively early case where it was decided that companies which were not corporations could not be citizens of the United States. In a great many cases this result naturally flowed from the fact that the particular company or association had no legal personality distinct from the members who composed it. The same principle was, in the United States, held to apply to limited partnerships. *Great Southern Fire.Proof Hotel Co.* v. *Jones,* 177 U. S. 456, 457, and citations thereof, and especially *Ralya Market Co.* v. *Armour & Co.,* 102 Fed. 530; 34 Cyc. 1263. In most of the United States the theory that a partnership had no real personality distinct from the members that composed it was applied to limited partnerships.

Even in Iowa where a limited partnership has a distinct legal existence, yet the same doubt arose, probably more especially in this case by reason of the Iowa statute. That State permits suits against firms as an entity or against the individual partners. In *McLaughlin* v. *Hallowell,* 228 U. S. 284, a case from Iowa, after it had been decided that a case was not removable where the limited partnership was one of the parties, the members of the partnership attempted to remedy this condition by appearing personally, but the Supreme Court held that as one of the necessary parties to the suit could never have been sued in the Federal Court on the ground of diversity of citizenship (the partnership having none) the case was not removable. At least, that seems to be the necessary intendment of the opinion, although it was really decided on another jurisdictional point. See also *Ralya Market Co.* v. *Armour & Co., supra.*

We may assume, then, that in the United States, outside of Louisiana or other States deriving their jurisprudence from the civil law, a limited partnership is never a citizen.

From the case before us one of two things is true, either

that the *Sociedad en Comandita* is a limited partnership and hence has no citizenship, or else it is necessarily a citizen of Porto Rico, being incorporated here. Of course, if it has no citizenship, no question of diversity of citizenship could be raised; a proposition, we think, that would be conceded by counsel for the respondent. There can be no diversity of citizenship unless both parties are citizens.

That a *Sociedad en Comandita* has a distinct entity in Porto Rico is a proposition generally conceded. Some of our own cases say so. *Cintrón* v. *Colorado,* 22 P. R. R. 541; *Quintana* v. *Ramírez & Co.,* 22 P. R. R. 707. See also Sánchez Román, 2ª. Edición, volume 11, page 144. To say that an entity organized under the laws of Porto Rico has a citizenship distinct from the body politic or territory that organized it would be a startling statement. If Porto Rico has any citizenship, a corporation organized under its laws must necessarily have the same citizenship, and the same would be true of a limited partnership, if that partnership has any citizenship at all. We need not therefore even decide in this case whether a *sociedad en comandita* is or is not a citizen.

The principal contention of the respondent, however, is and must be that the matter of citizenship in this case is to be determined by the partners who form the *Sociedad en Comandita*—several of them the managing partners and several more the contributing partners. We apprehend that this theory is based upon the law in most jurisdictions of the United States that a partnership has no legal existence independently of its members. This is certainly not true in Porto Rico. This court has recently decided that in certain contingencies partners may be joined in a suit against a partnership (*Successors of M. Lamadrid & Co.* v. *Martorell,* 28 P. R. R. 824), but that was a far cry from saying that the partnership was composed of or dependent for its legal existence upon the individual status of its members. We think that the five or six individual members who form this

*Sociedad en Comandita* would be the first to disclaim that they were collectively and individually responsible for all the acts of the *Sociedad en Comandita*. We hold, however, that a *sociedad en comandita* is an entity distinct from the members that compose it.

In order that a suit may be removed on the ground of the diversity of citizenship there must be, as the word "suit" implies, parties to it, and it is only the parties to a suit who can petition for removal. The person or entity sued in this case was Russell & Co. It was the essential and only party defendant to the suit. Any existing obligation was between The People of Porto Rico and Russell & Co. and these individual members can not change the nature of the obligation by asking to be made parties. It is admitted in the pleadings that Russell & Co. is a *sociedad en comandita*. The defendant here then has no citizenship distinct from The People of Porto Rico or it has no citizenship at all.

We have been more or less assuming that Porto Rico has some citizenship. The writer has had some doubts as to whether The People of Porto Rico might not be considered a corporation, inasmuch as it is a body politic organized by the laws of Congress. Given, however, the general trend of the decisions of the Supreme Court of the United States, the question is probably settled that Porto Rico has no more citizenship than would have any State or Territory of the United States. *United States* v. *Cruikshank,* 92 U. S. 542; *Stone* v. *South Carolina,* 117 U. S. 430; *Gromer* v. *Standard Dredge Co.,* 224 U. S. 362; *People of Porto Rico* v. *Rosaly,* 227 U. S. 274. It would follow that if Porto Rico has no citizenship, then there is no diversity of citizenship and the case was one that could never have been properly brought in the United States District Court for Porto Rico.

The record shows that The People of Porto Rico appealed. An appeal, however, is not an adequate remedy where the local court has declared itself without jurisdiction

and the case is thus paralyzed. The decisions likewise show that the question of a plaintiff's rightful status is to be determined by the law of the State. *Turk et al.* v. *Illinois Central Ry. Co.,* 218 Fed. 315. In other words, whether a particular plaintiff or defendant may sue or be sued, the Federal Courts, as known familiarly, are bound by State decisions in this matter so that in many a case the Federal Court would want to know the attitude of the local courts in regard to the status or capacity of the parties to the suit and a similar thing has arisen in this case, namely, whether the removal petitioners were or were not proper or necessary parties to this suit. In *Camuñas* v. *New York & P. R. S. S. Co.,* 260 Fed. Rep. 40, 48, 51, a case involving the local Workmen's Compensation Act, the Circuit Court of Appeals expressed regret that a Federal Court should be called upon to construe the law before it had been passed upon by the local court. In any event, this court has always a discretion to issue the writ if it thinks that an appeal is not the adequate remedy.

The record proper does not show that the question of jurisdiction is pending before the United States District Court for Porto Rico. This only appears by a return specially filed and without submitting to the jurisdiction of the court. We have several times decided and our practice has been to consider only the record that was before the district court at the time the order was made. We do not think that the fact of the pendency of a question of jurisdiction in the United States District Court is properly before us and we feel bound to go on with the case.

Nevertheless, we do not think the fact that the complainant appeared in the Federal Court and resisted the jurisdiction of that court would estop him. An interesting case is the *City of New Orleans* v. *Seixas,* 35 La. Ann. 36, where the court said (page 38):

"There was thus neither a voluntary appearance nor execution of the order appealed from. The defendants, having procured the

removal of the cause to the United States Court, there initiate proceedings that provoke and compel the interposition of the plaintiff and his appearance in that forum, and then plead his appearance as a bar to the further hearing of the case in the State Court. This is dragging one against his will to a place, and then pleading his enforced presence there as a reason why he should not return whence he came.

"It is settled that if a party failed in his efforts to obtain a removal and was forced to trial in the State Court, his appearing there and contesting the case is not a waiver of his right. *Inc. Co.* v. *Dunn*, 19 Wall. 214; *The Removal Cases*, 10 Otto, 457; Dillon on Removals, sections 84, 88.

"It would seem it ought to be equally clear that if a party failed in his efforts to prevent a removal and was forced to trial in the United States Court, his appearing there and contesting the case should not be a waiver of his right to a trial in the State Court, nor be considered an acquiescence in the order of removal, if he has continued to maintain that right by appealing from that order and by prosecuting such appeal with diligence."

The order of the District Court of Ponce removing the case to the United States District Court for Porto Rico should be annulled.

*Order set aside and case remanded.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.