EL PUEBLO, PETICIONARIO, *v.* RIVERA ZAYAS, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Ponce en pleito sobre *injunction.*

No. 320.—Resuelto en mayo 17, 1921.

TRASLADO DE CASOS DE CORTES INSULARES A LA FEDERAL—CIUDADANÍA—ALEGACIÓN—JURISDICCIÓN.—En un procedimiento para el traslado de un caso de una corte insular a la corte federal por el fundamento de diversidad de ciudadanía deberá aparecer de la faz de la solicitud que el pleito es uno que puede ser trasladado. De otro modo la corte insular no está obligada a declinar su jurisdicción y puede seguir adelante con el caso como si no se hubiera hecho ninguna solicitud.

ID.—ID.—CONFLICTO ENTRE CORTES—CORTESÍA.—El peligro de un conflicto entre las cortes no es posible que surja hasta que la corte federal haya resuelto que tiene jurisdicción y la mera pendencia de una solicitud de traslado en la corte federal no obliga a la corte insular a suspender sus procedimientos.

ID.—ID.—Para que tal caso pueda ser trasladado deberá probarse una clara diversidad de ciudadanía entre las partes contendientes, como también que el caso es uno del cual la corte federal pudo haber tenido jurisdicción originalmente si el demandante hubiera elegido establecer allí su acción.

ID.—ID.—CIUDADANÍA DE SOCIEDADES EN COMANDITA.—En la mayoría de los Estados la teoría de que una sociedad no tiene verdadera personalidad distinta a la de los miembros que la componen ha sido aplicada a sociedades en comandita, pero se admite generalmente que una sociedad en comandita es una entidad distinta en Puerto Rico. En el caso que consideramos o no tiene ciudadanía la sociedad en comandita o es necesariamente un ciudadano de Puerto Rico, constituída de acuerdo con sus leyes. Si no tiene ciudadanía no puede surgir ninguna cuestión de diversidad de ciudadanía pues no puede existir diversidad a menos que ambas partes sean ciudadanos.

ID.—ID.—La teoría basada en la ley, en la mayoría de las jurisdicciones de los Es-

tados Unidos, de que una sociedad no tiene existencia legal independientemente de sus miembros no es cierta en Puerto Rico. Aquí una sociedad en comandita es una entidad distinta a los miembros que la componen.

ID.—ID.—CIUDADANÍA.—Está probablemente establecido por la tendencia general de las decisiones de la Corte Suprema de los Estados Unidos que Puerto Rico no tiene más ciudadanía que la que tiene cualquier Estado o Territorio de los Estados. Unidos. Se infiere pues que si Puerto Rico no tiene ciudadanía no existe diversidad de ciudadanía en este caso que no pudo haber sido establecido originalmente en la corte federal.

ID.—ID.—Los autos mismos no muestran que la cuestión de jurisdicción esté pendiente en la corte federal y como es práctica de la corte considerar solamente los autos que se envían de la corte inferior, debe resolverse que el estar pendiente la cuestión de jurisdicción en la corte federal no está propiamente ante esta corte; por tanto se ve obligada a seguir considerando el caso y a anular la orden de traslado.

Los hechos están expresados en la opinión.

Abogados del peticionario: *Hon. Salvador Mestre, Attorney General* y *Sres. J. A. Loret* y *M. A. Muñoz.*

Abogado del demandado: *Sr. O. B. Frazer.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El peticionario, El Pueblo de Puerto Rico, a principios del mes de marzo de 1921, radicó en la Corte de Distrito de Ponce una demanda contra Russell & Co., "Sociedad en Comandita," cuyo equivalente más aproximado en asociaciones legales americanas es *"a limited partnership."* En marzo 10, 1921, fué radicada una petición para el traslado de la causa a la Corte de Distrito de los Estados Unidos para Puerto Rico, y en 9 de marzo se le notificó al Fiscal General de que dicha petición sería llamada para vista el día 10 de marzo a las dos de la tarde y el caso fué señalado, visto y resuelto sin estar presente el Fiscal General, en marzo 10, 1921. En los autos nada consta ni tampoco se sugirió en la vista respecto a esta breve notificación y rápida resolución de la petición de traslado. La petición de traslado fué la siguiente:

"Los peticionarios, compareciendo especialmente y únicamente para los fines de esta petición, hacen saber a esta honorable corte, como sigue: Que Russell & Co., Sucrs., S. en C., es, y al radicarse

este pleito era, una sociedad civil agrícola compuesta exclusivamente
de los Sres. Horace Havemeyer, Frank A. Dillingham y William H.
Morgan como gestores y los Sres. Edwin L. Arnold, H. B. Orde y
Frank M. Welty como comanditarios, y que dicha sociedad es la de-
mandada en este caso, el cual es de carácter civil y que el asunto y
la cantidad en controversia en esta causa excede la suma o valor de
tres mil dólares ($3,000) los intereses y costas no inclusos; y que
la controversia en esta causa es una controversia entre cinco ciuda-
danos de los Estados Unidos no domiciliados en Puerto Rico y un
súbdito del Reino de Gran Bretaña no domiciliado en Puerto Rico,
como demandados, y el Pueblo de Puerto Rico como demandante.
Que de los socios de Russell & Co., Sucrs., S. en C., Horace Havemeyer
al radicarse este caso era y aún es ciudadano de los Estados Unidos
y del Estado de New York, vecino de y domiciliado en la ciudad de
Islip en dicho Estado de New York; Frank A. Dillingham al radi-
carse este caso era y aún es ciudadano de los Estados Unidos y del
Estado de New Jersey, vecino de y domiciliado en la ciudad de Mill-
burn en dicho Estado de New Jersey; William H. Morgan al radi-
carse este caso era y aún es ciudadano de los Estados Unidos y del
Estado de Ohio, vecino de y domiciliado en la ciudad de Alliance en
dicho Estado de Ohio; Frank M. Welty al radicarse este caso era y
aún es ciudadano de los Estados Unidos y del Estado de New York,
vecino de y domiciliado en la ciudad de Bronxville en dicho Estado
de New York; Edwin L. Arnold al radicarse este caso era y aún es
ciudadano de los Estados Unidos y del Estado de Ohio, vecino de y
domiciliado en la ciudad de Massillon en dicho Estado de Ohio; H.
B. Orde, al radicarse este caso era y aún es ciudadano extranjero
súbdito del Rey de Inglaterra y ciudadano del Reino de Gran Bre-
taña, vecino de y domiciliado en la ciudad de Ottawa en la Dominion
de Canadá; y que ninguno de los socios de la demandada al radi-
carse este caso era o es vecino de o domiciliado en la Isla de Puerto
Rico.   Que el demandante en este caso es el Pueblo de Puerto Rico;
que la peticionaria no sabe la ciudadanía de dicho demandante pero
cree que al radicarse este pleito era y aún es un ciudadano de los
Estados Unidos domiciliado en Puerto Rico; y alega la peticionaria
que dicho demandante al entablarse esta causa no era y no es hoy
ciudadano de ni domiciliado en ninguno de los Estados de New York,
New Jersey o Ohio ni la Dominion de Canadá.   Que la peticionaria
desea trasladar esta causa antes de practicar más procedimientos en
ella a la Corte de Distrito de los Estados Unidos en y por el Distrito
de Puerto Rico.   Y con la presente la peticionaria depara buena y

bastante fianza para que dentro de los treinta días venideros presente a la Corte de Distrito de los Estados Unidos en y por el Distrito de Puerto Rico una copia certificada de los autos (*record*) en esta causa, y para el pago de todas las costas que sean adjudicadas por dicha Corte de Distrito de los Estados Unidos si dicha corte fallase que la presente causa fué trasladada indebidamente o ilegalmente. Por tanto la peticionaria ruega que dicha fianza y fiadores sean aceptados y aprobados; que se traslade esta causa a la Corte de Distrito de los Estados Unidos en y por el Distrito de Puerto Rico, de acuerdo con los estatutos de los Estados Unidos que rigen en tales casos, y que no se proceda más adelante con los procedimientos de esta causa en esta corte. Así ruega la peticionaria. Ponce, P. R., 8 marzo de 1921. (Fdo.) O. B. Frazer, abogado de la peticionaria.

"El Pueblo de Puerto Rico, Distrito de San Juan, SS. H. B. Orde, debidamente juramentado, declara y dice: Que es socio y miembro de la sociedad peticionaria en esta causa; que ha leído personalmente la petición que antecede y que es la verdad según su propio conocimiento exceptuándose las materias en ella alegadas sobre información y creencia y en cuanto a tales materias, que él las cree verídicas; que la razón porque esta atestación se hace por el declarante y no por la demandada es que la demandada es una sociedad y el deponente es uno de los socios. (Fdo.) H. B. Orde.

"Suscrito y jurado ante mí hoy día 8 de marzo de 1921, por H. B. Orde, mayor de edad, casado, propietario, vecino de Ottawa, Canadá, casualmente en San Juan, a mí personalmente conocido. (Fdo.) Salvador Suau Carbonell. *Affidavit* No. 1287.

"Pres. en 10 de marzo de 1921. (Fdo.) Felipe Colón, Secretario."

Concedida la orden y radicada la fianza para el traslado fué presentada a esta corte una solicitud de *certiorari,* expedido el auto y los procedimientos se encuentran debidamente ante nos.

Las cuestiones levantadas por las partes y sugeridas en la vista son numerosas, pero hay una que es fundamental, a saber: apareció de la faz de la petición de traslado que la Corte de Distrito de los Estados Unidos para Puerto Rico podía tener o tuvo jurisdicción del caso, en el supuesto de que los procedimientos para el traslado llenaran perfecta-

mente todas las formalidades, así como la prestación de una fianza, etc.

Las cuestiones técnicas sobre si una apelación no es el remedio adecuado, si el demandante debió haber hecho mayores gestiones ante la Corte de Distrito de Ponce, y si el demandado renunció a sus derechos por la comparecencia en la Corte Federal están más o menos envueltas en la decisión de la cuestión principal.  Asimismo lo está la cuestión de cortesía (*comity*) que discutiremos primeramente.

Esta cuestión de cortesía se levanta por medio de una contestación, compareciendo especialmente los socios que constituyen dicha "Sociedad en Comandita" y alegando estar pendiente la cuestión principal ante la Corte de Distrito de los Estados Unidos para Puerto Rico.  Dicen ellos que la cuestión de cortesía debe impedir que las cortes locales consideren el caso estando éste pendiente de resolución por la Corte de Distrito de los Estados Unidos.  En la vista se alegó un posible conflicto.

El peligro de un conflicto solamente podía surgir después que la Corte de los Estados Unidos hubiera resuelto que tenía jurisdicción y tal conflicto es remoto a tenor de los estatutos de los Estados Unidos y de las decisiones sobre los mismos. *Chesapeake & Ohio Railway Company v. McCabe,* 213 U. S. 219, y autoridades; *Clinger, Administrator,* v. *Chesapeake Railway Company,* 138 Ky. 618, 128 S. W. 1056, 1057; *Bolen-Darnall Coal Company* v. *Kirk,* 26 L. R. A. (N. S.) 270; *Chicago, Etc., Railway Company,* v. *Brazell,* 124 Pac. 42.

Mientras la Corte Federal no resuelva haberse presentado un caso para el traslado, la mera pendencia de una petición de traslado en una corte federal no obliga a la corte local a suspender los procedimientos. *Iowa Central Railway Company* v. *Bacon,* 236 U. S. 310; *Traction Company* v. *Mining Company,* 196 U. S. 239.

En el caso citado últimamente se da énfasis a la propo-

sición de que si de la faz de los autos, incluyéndose una petición de traslado, no aparece que un caso sea trasladable, entonces la Corte de Estado no está obligada a declinar su jurisdicción y puede proseguir como si no se hubiera hecho ninguna solicitud de traslado.   Esta es una declaración de la proposición general de que la corte local puede seguir adelante sin tener que esperar la resolución de la Corte Federal y es así aún cuando se alegase como se alega por primera vez en esta corte que la cuestión de jurisdicción fué sometida y está ahora bajo consideración de la Corte de Distrito de los Estados Unidos para Puerto Rico.

Puede decirse incidentalmente que el peticionario en el recurso de *certiorari* insiste en que los autos mismos no muestran que haya ninguna cuestión de jurisdicción pendiente ante la Corte de Distrito de los Estados Unidos para Puerto Rico y que los autos en este caso de *certiorari* nunca podrían probar debidamente ese extremo.   También parece ser cierto, tenga o no razón el peticionario, que lo que tenemos que revisar es si la actuación de la Corte de Distrito de Ponce fué o no improcedente a la fecha en que la orden impugnada se firmó.   Los autos que nos han sido remitidos muestran que no se incluyó en dichos autos ninguna prueba de la presentación de una cuestión de jurisdicción a la Corte de los Estados Unidos.   También se admite que el *certiorari* en este caso fué radicado antes de ser presentada la cuestión de jurisdicción a la Corte de los Estados Unidos.

Que una corte local o de Estado deba suspender todos los procedimientos porque una cuestión de jurisdicción ha sido sometida a la Corte de los Estados Unidos es una proposición que niegan, según creemos, las anteriores y otras autoridades.   Numerosos casos podrían ser y serían demorados si la proposición contraria fuera cierta.   El medio de prueba es si de la faz de la petición de traslado aparece la jurisdicción de la Corte de los Estados Unidos.

Se admite por el abogado de los peticionarios del tras-

lado, que comparecieron en esta corte bajo protesta, que para que un caso pueda ser trasladado deberá probarse una clara diversidad de ciudadanía entre las partes contendientes y que el caso debe ser uno en el cual las cortes de los Estados Unidos hubieran podido adquirir jurisdicción original si el demandante hubiera optado por litigar allí. Cuando todas las partes son personas naturales la cuestión es relativamente simple, pero se complica cuando se trata de entidades artificiales así como corporaciones y sociedades.

En los primitivos casos en la Corte Suprema de los Estados Unidos la cuestión de cuál era la ciudadanía de una corporación debidamente incorporada bajo las leyes de un Estado frecuentemente se le hacía depender de la cuestión de la ciudadanía de las personas que· constituían la corporación, en otras palabras, de una cuestión de hecho. Sin embargo, puesto que la idea de una corporación como entidad distinta quedó más o menos fija, la Corte Suprema resolvió entonces que la ciudadanía de una corporación se presumía indiscutiblemente que era la del Estado donde estaba incorporada. *St. Louis and San Francisco Railway Company* v. *James,* 161 U. S. 563; *Martínez* v. *Asociación de Señoras,* 213 U. S. 20; 34 Cyc. 1261. Una cuestión diferente surge cuando se alega que una sociedad es una de las partes.

El caso de *Chapman* v. *Barney,* 129 U. S. 677, era relativamente uno antiguo en donde se resolvió que las compañías que no eran corporaciones no podían ser ciudadanos de los Estados Unidos. En un gran número de casos surgió naturalmente esta consecuencia del hecho de que la compañía o asociación en particular no tenía ninguna personalidad legal distinta de la de los miembros que la componían. En los Estados Unidos se resolvió que el mismo principio era aplicable a las sociedades en comandita. *Great Southern Fire Proof Hotel Company* v. *Jones,* 177 U. S. 456, 457 y sus citas, y especialmente el caso de *Ralya Market Company* v. *Armour & Co.,* 102 Fed. 530; 34 Cyc. 1263. En la mayor parte de los

Estados Unidos la teoría de que una sociedad no tenía ninguna verdadera personalidad distinta de la de los miembros que la componían fué aplicada a las sociedades en comandita.

Hasta en Iowa, donde una sociedad en comandita tiene una existencia legal distinta, surgió sin embargo la misma duda y tal vez más especialmente que en este caso por razón del estatuto de Iowa. En ese Estado se permiten las acciones contra las sociedades como una entidad, o contra los socios individuales. En *McLaughlin* v. *Hallowell*, 228 U. S. 284, un caso de Iowa, después de resolverse que una causa no era trasladable cuando la sociedad en comandita era una de las partes, los miembros de la sociedad pretendieron corregir esta condición compareciendo personalmente, pero la Corte Suprema resolvió que puesto que una de las partes necesarias en el pleito nunca pudo haber sido demandada en la Corte Federal por el fundamento de la diversidad de ciudadanía (no teniendo ninguna la sociedad) el caso no era trasladable. Esa por lo menos parece ser la necesaria tendencia de la opinión aunque el caso realmente se resolvió bajo otro punto jurisdiccional. Véase también el caso de *Ralya Market Company* v. *Armour & Co., supra.*

Podemos asumir, por tanto, que en los Estados Unidos con excepción de Louisiana u otros Estados que derivan su jurisprudencia de la Ley Civil, una sociedad en comandita nunca es un ciudadano. En el caso ante nos una de dos cosas es cierta, o que la "Sociedad en Comandita" es "*a limited partnership*" y que por tanto no tiene ninguna ciudadanía, o que es necesariamente ciudadano de Puerto Rico estando incorporada aquí. Por supuesto que si carece de ciudadanía ninguna cuestión de diversidad de ciudadanía podría surgir, proposición que creemos sería admitida por el abogado de la demandada. No puede haber ninguna diversidad de ciudadanía a menos que ambas partes sean ciudadanos.

Que una "Sociedad en Comandita" tiene una entidad distinta en Puerto Rico es una proposición generalmente admi-

tida.   Algunos de nuestros propios casos así lo expresan. *Cintrón* v. *Colorado,* 22 D. P. R. 580; *Quintana Hnos. & Cía.* v. *S. Ramírez & Cía.,* 22 D. P. R. 761. Véase también a Sánchez Román, segunda edición, tomo II, página 144. Decir que una entidad organizada bajo las leyes de Puerto Rico tiene una ciudadanía distinta del cuerpo político o territorio que la organizó sería una manifestación sorprendente.   Si Puerto Rico tiene alguna ciudadanía una corporación organizada bajo sus leyes debe necesariamente tener igual ciudadanía y lo mismo sucedería tratándose de una sociedad en comandita de tener esa sociedad en absoluto alguna ciudadanía.   No necesitamos por tanto ni siquiera resolver en este caso si una sociedad en comandita es o no un ciudadano.

La alegación principal de la demandada no obstante es y debe ser que—la cuestión de ciudadanía en este caso ha de determinarse por los socios que componen la ''sociedad en comandita,''—siendo varios de ellos socios gestores y otros comanditarios.   Entendemos que esta teoría se basa en la ley en muchas jurisdicciones de los Estados Unidos de que una compañía no tiene ninguna existencia legal independientemente de sus miembros.   Esto ciertamente no es así en Puerto Rico.   Esta corte recientemente ha resuelto que en ciertas contingencias pueden los socios ser demandados conjuntamente en una acción contra una compañía, *M. Lamadrid & Cía., Sucs.* v. *Torrens, Martorell & Cía.,* 28 D. P. R. 879, pero eso era muy distinto a decir que la sociedad estaba compuesta o dependía en su existencia legal de la condición individual de sus miembros.   Creemos que los cinco o seis miembros individuales que forman esta sociedad en comandita serían los primeros en negar que ellos eran colectiva o individualmente responsables por todos los actos de la sociedad en comandita. Sostenemos, sin embargo, que una sociedad en comandita es una entidad distinta de los miembros que la componen.

Para que un caso pueda trasladarse por el fundamento de diversidad de ciudadanía debe haber, como indica la palabra

"pleito," partes en el mismo, y solamente son las partes en un pleito las que pueden solicitar su traslado. La persona o entidad demandada en este caso fué Russell & Co. Era la parte esencial y únicamente demandada en el pleito. Cualquier obligación existente era entre El Pueblo de Puerto Rico y Russell & Co. y estos miembros individuales no pueden variar la naturaleza de la obligación con pedir que sean hechos partes. Se admite en las alegaciones que Russell & Co. es una sociedad en comandita. La demandada en este caso no tiene entonces ninguna ciudadanía distinta de la de El Pueblo de Puerto Rico o no tiene ninguna ciudadanía en absoluto.

Hemos estado más o menos asumiendo que Puerto Rico tiene alguna ciudadanía. El que suscribe ha tenido algunas dudas respecto a si El Pueblo de Puerto Rico no podría ser considerado como una corporación puesto que es un cuerpo político organizado por las leyes del Congreso. Dada, sin embargo, la tendencia general de las decisiones de la Corte Suprema de los Estados Unidos, la cuestión probablemente está resuelta en el sentido de que Puerto Rico no tiene más ciudadanía que la que tendría cualquier Estado o Territorio de los Estados Unidos. *United States* v. *Cruikshank,* 92 U. S. 542; *Stone* v. *South Carolina,* 117 U. S. 430; *Gromer* v. *Standard Dredging Company,* 224 U. S. 362; *People of Porto Rico* v. *Rosaly,* 227 U. S. 274. Se infiere, pues, que si Puerto Rico no tiene ninguna ciudadanía entonces no hay diversidad alguna de ciudadanía y el caso fué uno que nunca pudo haber sido debidamente presentado a la Corte de Distrito de los Estados Unidos para Puerto Rico.

Los autos muestran que El Pueblo de Puerto Rico interpuso recurso de apelación. Una apelación, sin embargo, no es un remedio adecuado cuando la corte local misma se ha declarado sin jurisdicción y el caso queda de tal modo en suspenso. Las decisiones asimismo muestran que la cuestión de la legítima condición legal de un demandante ha de

resolverse por la ley del Estado. *Turk et al.* v. *Illinois Central Railway Company,* 218 Fed. 315. En otras palabras, el hecho de si un demandante o demandado en particular puede demandar o ser demandado las cortes federales como es bien conocido están obligadas por las decisiones de Estado en esta cuestión de modo que en muchos casos la Corte Federal desearía conocer la actitud de las cortes locales respecto a la condición o capacidad de las partes en el pleito y algo semejante ha surgido en este caso, o sea, si los peticionarios del traslado fueron o no partes adecuadas o necesarias en este pleito. En el caso de *Camuñas* v. *New York & Porto Rico Steamship Company,* 260 Fed. Rep. 40, 48, 51, que es uno en que está envuelta la ley local de compensaciones a obreros, la Corte de Circuito de Apelaciones expresó su pesar de que una corte federal se viera obligada a interpretar la ley antes de que ésta hubiera sido considerada por una corte local. De todos modos, esta corte siempre ha tenido discreción para expedir el auto si cree que una apelación no es el remedio adecuado.

Los autos mismos no demuestran que la cuestión de jurisdicción esté pendiente ante la Corte de Distrito de los Estados Unidos para Puerto Rico. Esto solamente aparece de una contestación especialmente radicada y sin someterse a la jurisdicción de la corte. Varias veces hemos resuelto y nuestra práctica ha sido considerar únicamente los autos que se encontraban ante la corte de distrito al dictarse la orden. No creemos que el hecho de estar pendiente una cuestión de jurisdicción en la Corte de Distrito de los Estados Unidos esté debidamente ante nos y nos sentimos obligados a seguir adelante con el caso.

Sin embargo, no creemos que por el hecho de haber comparecido el demandante en la Corte Federal e impugnado la jurisdicción de esa corte estuviera impedido de ejercitar su derecho. Un caso interesante es el de *City of New Orleans* v. *Seixas,* 35 La. Ann. 36, donde la corte dijo (página 38):

"No hubo, pues, ni una comparecencia voluntaria ni ejecución de la orden apelada. Habiendo los demandados solicitado el traslado de la causa a la corte de los Estados Unidos, inician allí procedimientos que provocan y hacen necesaria la intervención del demandante y su comparecencia en esa corte, y entonces alegan su comparecencia como un obstáculo a que se siga tramitando el caso en la corte de Estado. Esto es llevar a una contra su voluntad a un sitio y alegar entonces su presencia allí obligada como razón por la cual no debe él volver al sitio de donde vino.

"Está establecido que si una parte fracasara en sus esfuerzos por obtener un traslado y se viera obligada a ir a juicio en la corte de Estado, su comparecencia allí e impugnación del caso no es una renuncia de su derecho. *Inc. Co.* v. *Dunn,* 19 Wall. 214; The Removal Cases, 10 Otto, 457; Dillon on Removals, secciones 84, 88.

"Parece que debe ser igualmente claro que si una parte fracasara en sus esfuerzos por evitar un traslado y se viera obligada a ir a juicio en la corte de los Estados Unidos, el comparecer allí e impugnar el caso no debe ser una renuncia de su derecho a un juicio en la corte de Estado ni considerarse como una conformidad con la orden de traslado si dicha parte ha seguido sosteniendo ese derecho apelando contra esa orden y prosiguiendo dicha apelación con diligencia."

La resolución dictada por la Corte de Distrito de Ponce trasladando el caso a la Corte de Distrito de los Estados Unidos para Puerto Rico debe ser anulada.

> *Anulada la orden de traslado y devuelto el caso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.