LOÍZA SUGAR COMPANY, demandante y apelante, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

No. 5383.—*Resuelto:* Febrero 17, 1933.

*Jaime Sifre Jr. y Horacio Franceschi,* abogados de la apelante; *Procurador General Charles E. Winter y M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 26 de julio de 1932 esta corte dictó sentencia confirmando una decisión de la Corte de Distrito de San Juan en tanto concedía la suma de $245.05 más intereses, y revocó el caso en tanto dejó de ordenar se devolviera a la demandante la suma $6,807.01. 43 D.P.R. 892. El mandato fué enviado en su oportunidad a la corte de distrito. La apelante victoriosa ahora acude ante esta corte y nos pide que ordenemos la devolución del mandato. La apelante alega que la sentencia sobre los $6,807.01 debe incluir intereses de igual modo que la dictada por la corte inferior.

 Evidentemente admite que la solicitud es algo tardía, mas trata de excusarse alegando que poco después de dictar su sentencia en el caso, esta corte entró en vacaciones y que desde entonces los letrados de la apelante han estado sumamente ocupados.

Desde que se dictó nuestra sentencia han pasado no solamente las vacaciones de este tribunal, sino también el quinto término del año 1932. Por tanto, dudamos que esta corte tenga facultad o autoridad, después del término y de haber transcurrido tanto tiempo, para enmendar su propia sentencia. No se alega ninguna situación extraordinaria que exija el posible ejercicio de nuestras facultades.

Si tenemos o no la facultad o autoridad para hacerlo, la práctica continua de este tribunal ha sido no actuar una vez transcurrido un período de tiempo tan largo como el de este caso. Sin embargo, yendo a los méritos del caso, la posibilidad de conceder intereses no se escapó enteramente a nuestra atención al dictar nuestra sentencia. Empero, hallamos que en la demanda no se reclamaron intereses ni siquiera en el alegato original de la apelante, y de ahí que no los concediéramos.

 Tampoco hallamos que la concesión de intereses sea

imperativa. La sección 79 de la Ley No. 74 de 1925 (Leyes de ese año, pág. 543), no haciendo referencia a las actuaciones de las cortes, tomada por sí misma aparentemente hace que la concesión de intereses sea imperativa o más o menos imperativa, pero la sección 80 de la misma ley dispone:

"Podrán concederse intereses en cualquier sentencia dictada por una corte contra El Pueblo de Puerto Rico después de aprobada esta Ley, sobre cualquier contribución de ingresos o de beneficios excesivos, erróneamente impuesta o cobrada, sobre cualquier penalidad cobrada sin autoridad, o sobre cualquier suma excesiva o de algún modo cobrada erróneamente bajo las leyes de contribuciones sobre ingresos."

Por consiguiente, debe considerarse que al igual que en cualquier otro caso es necesario solicitar los intereses y que su concesión hasta cierto punto queda a la discreción de la corte.

El hecho de que la corte de distrito concediera intereses en su sentencia, no sería una verdadera guía. La corte inferior quizá se equivocó al conceder intereses sin que se le hiciera la solicitud correspondiente.

*Debe declararse sin lugar la moción.*