JOVITO GONZÁLEZ, demandante y apelante, *v.* JOVITO RODRÍGUEZ, demandado y apelado.

No. 5444.—*Sometido:* Noviembre 5, 1934. *Resuelto:* Enero 15, 1935.

*Armando A. Miranda,* abogado del apelante; *A. Rivera Colón,* abogado del apelado.

### EN MOCIÓN DE RECONSIDERACIÓN

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 28 de enero de 1932 este tribunal confirmó la sentencia dictada por la Corte de Distrito de Arecibo con fecha 14 de julio de 1930 (43 D.P.R. 66). En este caso se sostuvo una excepción previa interpuesta contra la demanda radicada en un pleito de filiación. La teoría de ambas cortes fué que como el demandante nació en 1903, su acción debió iniciarse en 1926, o antes; que toda vez que él nació en 1903 la prescripción de su acción se regía por el artículo 199 del Código Civil de 1902, que provee que las acciones de filiación durarán

hasta dos años después de ser el hijo mayor de edad. Sin embargo, en los casos de *Ortiz* v. *Roque Stella,* 47 D.P.R. 177, y *Delannoy* v. *Sucn. de Manuel Cividanes, per curiam* de junio 30, 1934, esta corte revisó la jurisprudencia y resolvió que la ley de 1911 había cambiado el período de prescripción. El efecto de la jurisprudencia es que tan sólo cuando ha transcurrido todo el período prescriptivo antes de efectuarse un cambio en el mismo es que puede ser invocado el estatuto de prescripción. *Ortiz* v. *Roque Stella,* y *Delannoy* v. *Sucn. de Manuel Cividanes,* supra, fueron resueltos en junio 30, 1934, y el 5 de octubre del mismo año el apelante radicó una moción solicitando la reconsideración del caso que tenemos ante nos.

Sentimos considerable simpatía hacia la moción, pero después de haber transcurrido todo este tiempo nos vemos obligados a resolver que carecemos de poder o autoridad para reconsiderar la sentencia. Generalmente, después de haber transcurrido un término judicial ni una corte inferior ni una de apelaciones pueden reconsiderar. *Phillips* v. *Negley,* 117 U. S. 665; *Loíza Sugar* v. *Domenech,* 44 D.P.R. 550; *Waskey* v. *Hammer,* 179 Fed. 274; *Miocene Ditch Co.* v. *Campion Mining & Trading Co.,* 197 Fed. 497; *Bank of the United States* v. *Moss,* 6 How. 31; *Bronson* v. *Schulten,* 104 U. S. 410; 15 R. C. L. 691, nota 3. Para los fines de este pleito específico la cuestión se ha convertido en *res adjudicata.* El apelante no nos ha hecho ninguna cita que distinga el caso de la jurisprudencia citada.

*Debe declararse sin lugar la moción.*