HERNAND BEHN, demandante y apelante, *v.* MANUEL. V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelado.

No. 6587.—*Sometido:* Abril 12, 1935. *Resuelto:* Abril 17, 1936.

*Jaime Sifre, Jr.* y *Horacio Franceschi,* abogados del apelante; *Hon. Procurador General B. Fernández García* y *T. Torres Pérez, Subprocurador (Benjamin J. Horton* y *M. Rodríguez Serra,* en el alegato), abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Hernand Behn inició este litigio para recobrar contribuciones pagadas bajo protesta. Apela de las siguientes partes de una sentencia dictada por la corte de distrito: de aquella parte de la sentencia que declaró sin lugar la demanda en lo correspondiente a una partida de $12,000, de salarios devengados por él de la Porto Rico Telephone Company; de aquella parte de la sentencia que declaró sin lugar la demanda en lo atinente a una partida de $23,073.40, no percibida por él como miembro de la sociedad Hernand & Sosthenes Behn; de la no concesión de intereses legales tanto en cuanto sobre las partidas que fueren reclamadas en la demanda y concedidas por la sentencia, como sobre las cantidades denegadas por la misma, de la partida de $2,868.49 que representa intereses al 6 por ciento sobre la suma de $9,298.17, alegada deficiencia y calculada hasta octubre 30, 1930 y finalmente de la no concesión de costas y honorarios de abogado.

■■ El primer señalamiento de error lee así:

"La corte inferior cometió error al declarar sin lugar la demanda en lo que respecta a la partida de $23,073.40, que consideró recibida materialmente por el demandante como procedente de los beneficios que le correspondían en la sociedad Hernand & Sosthenes Behn, cometiendo también error de derecho al declarar que tales beneficios formaban parte de los ingresos del contribuyente."

La partida de $23,073.40 representaba la mitad de una partida de $46,168.81, de ganancias no divididas, ninguna parte de la cual había sido materialmente recibida por uno u otro de los socios, o a ellos acreditada en los libros de Hernand & Sosthenes Behn. La suma total de $46,168.81 había sido llevada en dichos libros a pérdidas y ganancias. La cuestión es si la participación de un socio individual en

tales ganancias debe considerarse como por él recibida en la teoría de un recibo implícito, conforme dispone el artículo 90 del Reglamento, que lee en parte como sigue:

"Art. 90.—Ejemplo de recibo implícito. . . Los dividendos declarados sobre acciones están sujetos al pago de contribución cuando los mismos se ponen incondicionalmente a disposición del accionista. La participación a distribuir de las ganancias de un socio en una sociedad se considerará como recibida por él, aunque la misma no se haya distribuído."

Desde luego, no hay duda alguna respecto al significado del contexto que se acaba de citar. La cuestión gira en torno a la validez de aquella parte del artículo 90 que hace que la participación a distribuir de un socio particular en las ganancias no divididas de una sociedad sea tributable como ingresos del socio particular en la teoría de un recibo implícito, no embargante el hecho de que en realidad el socio no ha percibido parte alguna de tales ganancias. La solución de esta cuestión depende del estado de la ley en Puerto Rico y de las consiguientes limitaciones a los poderes del Tesorero para redactar y promulgar reglamentos en relación con la misma.

En *Morrill* v. *Jones,* 106 U. S. 467, la Corte Suprema de los Estados Unidos dijo:

"El Secretario del Tesoro no puede con su reglamento alterar o enmendar una ley de rentas. Todo lo que puede hacer es regular la manera de proceder para poner en vigor lo que el Congreso ha dispuesto."

Véase también *United States* v. *United Verde Copper Co.,* 196 U. S. 207.

La sección 68 de la Ley de Contribucione sobre Ingresos (núm. 74) de 1924 (Leyes de 1925, págs. 401, 533) lee como sigue:

"El Tesorero queda autorizado para prescribir todas las reglas y reglamentos necesarios para la administración de esta Ley.

La parte de la sección 90, supra, que ahora está bajo

nuestra consideración se basa en el artículo 218 de la ley federal de contribuciones sobre ingresos, de 1924 y años anteriores. Véase 26 U.S.C.A., sección 959, que lee en parte como sigue:

"Sección 218 (a).—Las personas particulares que hagan negocios en sociedad pagarán contribuciones sobre ingresos únicamente en su carácter particular. Al computar los ingresos netos de cada socio se incluirá la participación a distribuir, háyase distribuído o no, del ingreso neto de la sociedad para el año contributivo, o, si su ingreso neto para tal año contributivo se computa sobre la base de un período distinto a aquél que sirve de base para computar el ingreso neto de la sociedad, entonces se computará su participación a distribuir en los ingresos netos de la sociedad para cualquier período en que la sociedad tenga que rendir cuentas y que termine dentro del año contributivo que sirva de base a la ganancia neta del socio."

La ley local de contribuciones sobre ingresos, de 1924, sigue en gran parte literal o substancialmente el lenguaje de su prototipo, la ley federal de 1924. Existen, sin embargo, ciertas omisiones y adaptaciones. La sección 218, supra, fué omitida. La razón es obvia. Sus disposiciones están plenamente en armonía con el concepto que de la sociedad prevalece en la mayoría de otras jurisdicciones de los Estados Unidos. Ellas estarían abiertamente en conflicto con el concepto que de la sociedad se tiene en Puerto Rico.

En *Langstaff* v. *Lucas,* 9 Fed. (2d) 691, confirmado en 13 Fed. (2d) 1022, la corte dijo:

"Desemejante a una corporación, una sociedad no es ante la ley ni ante la realidad una entidad separada y distinta a sus socios. Existe y actúa únicamente por mediación de sus miembros. No puede haber semejante cosa como el recibo o la tenencia de bienes por una sociedad, separada y distinta de sus miembros. Toda utilidad percibida por una sociedad constituye propiedad de sus socios."

Véanse también *United States* v. *Coulby,* 251 Fed. 982 (confirmado en 258 Fed. 27); 4 Paul & Mertens 2; *Helvering* v. *Walbridge,* 70 Fed. (2d) 683; *Harris* v. *Commissioner of Internal Revenue,* 39 Fed. (2d) 546.

En Puerto Rico, por otra parte, se reconoce a la sociedad en sí como una entidad legal separada, distinta e independiente. Véanse *Santiago Umpierre & Co.* v. *Wenar*, 10 D.P.R. 532; *Bozzo* v. *Bolívar, et al.*, 10 D.P.R. 34; *Finlay* v. *Finlay Bros. & Waymouth Trading Co.*, 8 D.P.R. 389; *Quintana Hnos. & Co.* v. *S. Ramírez & Co.*, 22 D.P.R. 761, 770; *Puerto Rico* v. *Russell & Co.*, 288 U. S. 476; *Pueblo* v. *Rivera Zayas*, 29 D.P.R. 454.

A fin de adaptar la ley federal de contribuciones sobre ingresos al concepto local de la sociedad como entidad legal separada y distinta, la legislatura insular halló que era necesario modificar el texto de varias disposiciones de la ley federal.

La sección 220 de la ley federal al tiempo de la aprobación de la ley insular leía así:

"Si una corporación, cualquiera que fuere su constitución u organización, se forma o usa con el fin de evadir la imposición de contribución adicional a sus accionistas valiéndose del medio de acumular sus ganancias y beneficios en vez de ser éstos divididos o distribuídos, se impondrá, cobrará y pagará por cada año contributivo sobre el ingreso neto de dicha corporación una contribución igual al 50% de dicho ingreso neto, en adición a la contribución impuesta por la sección 230."

La sección 21 de la ley insular lee (bastardillas nuestras):

"Si una *sociedad* o corporación, cualquiera que fuere su constitución u organización, se forma o usa con el fin de evadir la imposición de contribución adicional *a sus socios* o accionistas, valiéndose del medio de acumular sus ganancias y beneficios en vez de ser éstos divididos o distribuídos, se impondrá, cobrará, y pagará por cada año contributivo sobre el ingreso neto de dicha *sociedad* o corporación una contribución igual al 50 por ciento de dicho ingreso neto en adición a la contribución impuesta por la sección 28 de este título. . . ."

El estatuto federal se refiere solamente a corporaciones y accionistas. La ley local coloca a las sociedades y a los socios prácticamente sobre la misma base que las corporaciones y los accionistas. El artículo 90 del Reglamento sienta una

regla para los dividendos de las acciones en consonancia con la teoría del artículo 21 de la ley e inmediatamente trata de establecer una regla contraria que está abiertamente en conflicto con la teoría de la sección 21 en lo relativo a las ganancias no divididas de las sociedades.

La sección 201 de la ley federal de contribuciones, tal cual regía en la época en que se aprobó la ley insular (véase 26 U.S.C.A., sec. 932), contenía la siguiente disposición:

"(a) El término 'dividendo', cuando se use en este capítulo, excepto en el párrafo 9, inciso (a), de la sección 986, párrafo 4 del inciso (a) de la sección 1004, significará cualquier distribución hecha por una corporación a sus accionistas, bien sea en efectivo o en otra clase de propiedad, y procedente de sus beneficios o utilidades acumulados después de febrero 28, 1913. (b) Para los fines de este capítulo, toda distribución se hará de las utilidades o beneficios hasta donde alcancen, etc."

La sección 4 de la ley insular de contribuciones sobre ingresos, de 1924, lee así (bastardillas nuestras):

"El término 'dividendo' cuando se use en este título (excepto cuando se use en el párrafo (9) de la subdivisión (a) de la sección 32 y en el párrafo (4) de la subdivisión (a) de la sección 43, significará cualquiera distribución hecha por una corporación a sus accionistas, bien sea en efectivo o en otra clase de propiedad, y procedente de sus beneficios o utilidades, acumulados después de febrero 28 de 1913. *Y el término 'beneficios' significará cualquier distribución hecha por una sociedad a sus socios y partícipes procedente de sus utilidades obtenidas después de febrero 28 de 1913.*"

De esta definición estatutaria de la palabra "beneficios" parece desprenderse con razonable claridad que antes que los beneficios de una sociedad puedan formar parte del ingreso bruto de un socio particular, tal cual el término 'ingreso bruto" es definido por la sección 15 de la ley insular de contribuciones sobre ingresos, de 1924, deben haberse distribuído los beneficios de la sociedad. Aquí la legislatura insular ha colocado una vez más a las sociedades en el mimo nivel que las corporaciones y ha establecido prácticamente la misma

regla para la distribución de los beneficios de las sociedades que cuando se trata de los dividendos de acciones corporativas.

De conformidad con los términos de la sección 15 de la ley de contribuciones sobre ingresos, de 1924, el término " 'ingreso bruto' incluye ganancias, beneficios e ingresos derivados de" ciertas fuentes que se especifican y que incluyen los dividendos y beneficios de sociedades. Esa sección entonces provee (bastardillas nuestras):

"El montante de todos dichos ingresos será incluído en el ingreso bruto por el año contributivo en que sean *recibidos por el contribuyente,* a menos que, bajo los sistemas de contabilidad permitidos por la subdivisión (*b*) de la sección 14, cualquiera de dichas cantidades deban ser consideradas como de un período distinto."

Si se lee esta disposición en concomitancia con las otras disposiciones de la ley que ya hemos considerado, parece bastante claro que las palabras "recibidos por el contribuyente", indican la intención de imponer una contribución a los ingresos efectivamente recibidos, o por lo menos (en lo que a un socio particular se refiere), sobre la distribución en los beneficios de una sociedad, acreditados a la cuenta del socio particular o en cualquier otra forma designados e identificados como tal participación a distribuir en los libros de la sociedad. En ninguna parte hallamos evidencia de que fuera la intención de la legislatura imponer contribución al ingreso hipotético de un socio individual derivado teóricamente de las ganancias no divididas de una sociedad, acudiendo al sistema de un recibo implícito. Véanse *Bankers' Trust Co.* v. *Bowers,* 295 Fed. 89, 91; *Walker* v. *Gulf & I. Ry. Co. of Texas,* 269 Fed. 885; *Maryland Casualty Co.* v. *United States,* 251 U. S. 342; *Safe Deposit & Trust Co.* v. *Miles,* 273 Fed. 822, 824.

Para los fines de esta opinión puede admitirse que en lo que a dividendos de acciones corporativas se refiere, el ejemplo de un recibo implícito provisto por el artículo 90, supra, está en consonancia con la letra y con el espíritu de la ley de contribuciones sobre ingresos, de 1924, y que, por tanto, no

hay objeción al mismo. Podría aceptarse que un ejemplo similar sobre el recibo implícito de beneficios de una sociedad por parte de un socio individual, tampoco hubiera estado sujeto a objeción. Empero, estamos convencidos de que el Tesorero de Puerto Rico se excedió en la autoridad conferídale por la sección 68 de la ley de contribuciones sobre ingresos, de 1924, cuando trató en el artículo 90 de establecer la regla de que: "La participación a distribuir de las ganancias de un socio en una sociedad se considerará como recibida por él, aunque la misma no se haya distribuído." De ahí se infiere que la corte de distrito cometió error, tal cual se alega en el primer señalamiento.

■ El segundo señalamiento lee como sigue:

"La corte cometió error de hecho al declarar expresamente que el apelante recibió dos sueldos, uno de $12,000 de la Porto Rico Telephone Company y otro de $10,000 de Behn Brothers, Inc., a pesar de que la prueba demostró que el apelante había cedido por convenio a Behn Brothers, Inc. el sueldo que tenía asignado en la Porto Rico Telephone Co. y que Behn Brothers, Inc. declaró en su planilla como ingreso de ella; cometió error al sostener implícitamente que ambas partidas formaban parte de su ingreso, que no procedía la eliminación en la planilla individual del contribuyente de la suma de $10,000 por no haber sido materia de alegación en la demanda y al declarar que no se demostró que el salario menor estuviera incluído o confundido en el mayor."

No podemos estar de acuerdo con este criterio. Los $12,000 devengados por el demandante como presidente de la Porto Rico Telephone Company fueron debidamente incluídos como parte de su ingreso, no obstante la cesión por él hecha de ellos a Behn Brothers, Inc. Véanse Paul & Mertens "Law of Federal Income Taxation", Vol. 2, p. 25; Id. 29; 37, 39, 44; Black "On Federal Taxes" (4ª. ed.) 54; *Lucas* v. *Earl*, 281 U. S. 111; *Saenger* v. *Commissioner*, 69 Fed. (2d) 631; *Luce* v. *Burnet*, 55 Fed. (2d) 751; *Mitchel* v. *Bowers*, 15 Fed. (2d) 287; *Blumenthal* v. *Commissioner*, 60 Fed. (2d) 715, *Bishop* v. *Commissioner*, 54 Fed. (2d) 298; *Rossmoore* v. *Commissioner*, 76 Fed. (2d) 520.

El demandante no fué relevado de su obligación de pagar la contribución sobre el sueldo recibido por él de la Porto Rico Telephone Company, meramente porque optó por no retenerlo o disfrutarlo. *Backwill* v. *Commissioner*, 77 Fed. (2d) 569. Desde luego, no hay duda alguna de que él debe pagar la contribución sobre el sueldo de $10,000 recibido por él de Behn Brothers, Inc. La cesión del sueldo de $12,000 no afectó en forma alguna esta responsabilidad. La corte de distrito no cometió error al desestimar la demanda en lo que a la partida de $12,000 recibida de la Porto Rico Telephone Company se refería.

■ El tercer señalamiento lee:

"La corte inferior cometió error al no conceder intereses legales sobre todas las cantidades que el demandado debe devolver al demandante por concepto de contribuciones cobradas en exceso."

La cuestión relativa a si debieron concederse intereses sobre las varias partidas recobradas por el demandante en la corte de distrito era una que caía dentro de la discreción de aquella corte. *Loíza Sugar Co.* v. *Domenech, Tesorero,* 44 D.P.R. 550.

*Debe revocarse aquella parte de la sentencia apelada que desestimó la demanda en cuanto a la devolución de las contribuciones impuestas contra la participación del demandante en los beneficios no divididos de la sociedad Hernand & Sosthenes Behn, y pagadas bajo protesta por el demandante; en su lugar esta corte dictará sentencia en favor del demandante, ordenando al Tesorero de Puerto Rico que le devuelva el importe de la contribución así impuesta y pagada bajo protesta, eliminando aquella parte de la sentencia apelada que ordena al Tesorero de Puerto Rico a reajustar y deducir de los ingresos tributables de las planillas individuales del demandante las pérdidas habidas en la sociedad en los años 1925 y 1926, y confirmando la aludida sentencia de la corte de distrito en todos los demás respectos.*

El Juez Asociado Señor Travieso no intervino.