SOTELO HERMANOS & CÍA., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 153.—*Sometido:* Diciembre 10, 1947. *Resuelto:* Abril 20, 1948.

*J. J. Ortiz Alibrán,* abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández* y *Edgar S. Belaval,* abogado especial del Departamento de Justicia, abogados del interventor, querellado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este caso fué sometido al Tribunal de Contribuciones por una estipulación de hechos, por las alegaciones de las partes en cuanto no estuvieran en conflicto con la estipulación y por la escritura núm. 311 de 11 de julio de 1944 ante el notario Andrés Mena Latorre. A base de estos documentos, los hechos del caso pueden resumirse así:

Por escritura núm. 169 de 10 de julio de 1941 otorgada por José, Perfecto y Félix Sotelo Taboas, se constituyó la sociedad mercantil colectiva Sotelo Hermanos y Compañía. El socio primeramente nombrado aportó $30,000 y los dos restantes $16,000 cada uno. Habiendo expirado el término de la sociedad el 30 de junio de 1944, se practicó un balance en aquella fecha del cual resultó un beneficio de $25,900 a ser distribuído proporcionalmente entre los socios, correspondiendo a José Sotelo Taboas $41,300 por capital y beneficios y $23,300 por igual concepto a los otros dos. De los libros no aparecía entonces dinero efectivo suficiente para pagar a los socios sus respectivos beneficios y fueron llevados a la cuenta de ganancias y pérdidas permaneciendo allí hasta que los tres socios, como únicos componentes de la referida sociedad, por la escritura núm. 311 de 11 de julio de 1944, transfirieron todo el capital y las indicadas ganancias a la corporación doméstica denominada Sotelo Hermanos, Inc., constituída el 10 de julio de 1944. La referida corporación fué constituída por los tres socios con el propósito de continuar exactamente las mismas operaciones de la mercantil disuelta. A cambio de sus respectivas aportaciones, cada uno de los socios recibió un certificado de acciones representativo del capital y ganancias que aportó.

No habiendo retenido ni pagado la sociedad la contribución del Impuesto de la Victoria sobre los $25,900, montante de dichos beneficios, el Tesorero, con fecha 5 de abril de 1946, dirigió a la sociedad una notificación de deficien-

cia por $1,754.73, como impuesto del cinco por ciento de la Victoria sobre los beneficios derivados por sus socios del balance efectuado el 30 de junio de 1944. Esa notificación de deficiencia fué modificada con fecha 18 de julio de 1946 a virtud de moción de reconsideración, quedando en la siguiente forma: $1,295.00 del impuesto; $158.64 de intereses y una multa administrativa de $64.75, todo lo cual hacía un total de $1,518.39. A base de estos hechos el Tribunal de Contribuciones desestimó la querella.

La cuestión a resolver es si a la luz de los hechos expuestos, la sociedad venía obligada a retener en su origen y a pagar el Impuesto de la Victoria sobre los $25,900, importe de los beneficios correspondientes a los socios.

█ El artículo 1 de la Ley núm. 175 de 15 de mayo de 1943 (pág. 631) la cual enmendó la núm. 29 de 7 de diciembre de 1942 (sesión extraordinaria, pág. 161), al crear el Impuesto de la Victoria declaró sujetos al pago del mismo, los beneficios de sociedades civiles o mercantiles. Y el mismo artículo prescribe que el ingreso bruto sujeto al impuesto es aquél que haya sido realmente recibido por el contribuyente o depositado o consignado a su favor o para su beneficio. Establecida esta premisa, nuestro próximo paso debe ser determinar si estos beneficios han sido realmente recibidos por los peticionarios o consignados o depositados a su favor.

█ Al iniciar la discusión debemos tener presente que con arreglo al artículo 141 del Código de Comercio, ed. 1932 las compañías mercantiles constituídas con arreglo a dicho Código se disuelven totalmente por la expiración del término prefijado en el contrato de sociedad. Disuelta totalmente ésta y determinados los beneficios correspondientes a cada socio, éstos tienen derecho a reclamarlos inmediatamente. Esto es así porque disuelta la sociedad no puede hacer nuevas operaciones, sino que pasa al período de liquidación que consiste en dar cumplimiento a las obligacio-

nes previamente contraídas. El hecho de que los socios transfiriesen sus beneficios a la corporación para recibir en cambio de los mismos y del capital un certificado de acciones de dicha corporación, claramente demuestra que los beneficios como el capital, estaban a la disposición de los socios, pues de otro modo no hubieran podido transferirlos. La circunstancias de que la corporación fuera organizada con el mismo nombre de la sociedad y para dedicarse a los mismos negocios, no tiene el efecto de identificar la persona jurídica de la corporación con la persona jurídica de la disuelta sociedad que ya había dejado de existir desde que expiró el término de su duración.

El caso de *Behn* v. *Domenech,* 49 D.P.R. 808, que en apoyo de su contención invoca la peticionaria, si bien trata de los beneficios no distribuídos que procedentes de una sociedad tenía un socio, no es aplicable, pues no habiéndose disuelto la sociedad, no venía ella obligada a distribuir los beneficios en defecto de pacto en contrario. En cambio, una sociedad disuelta deja de tener existencia legal para realizar nuevas operaciones y está en la obligación de distribuir y pagar los beneficios, si los hubiera.

Tampoco es de aplicación el caso de *Marr* v. *United States,* 268 U. S. 536 (1925) porque allí se trataba de una corporación y éstas, aunque declaren dividendos, no están obligadas a pagarlos en determinada fecha.

*Por lo expuesto, procede la confirmación de la decisión recurrida.*